IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEDDER DEVELOPMENT   :
CORPORATION
                     :
v.                   : Civil Action No. JKB-04-2694
                     :
FB HAGERSTOWN LLC    :

**MEMORANDUM**

This diversity action, in which the plaintiff (buyer) seeks specific performance by the defendant (seller) of a purported contract for the sale of real property, has been referred to me for all proceedings by consent of the parties. The parties have filed cross-motions for summary judgment. (Papers No. 27 & 28). The motions have been fully briefed and are ready for disposition. No hearing is necessary. Local Rule 105.6. For the reasons set forth below, plaintiff's motion will be denied and defendant's motion will be granted by separate Order.

*I. Standard of Review*

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is

inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. On the other hand, on those issues on which the nonmoving party will have the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d

2

987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

*II. Background*

At issue is a purported contract for the sale of a shopping center in Hagerstown, Maryland, for $8,750,000. There are numerous salient facts about which there is no dispute. One of those facts is a matter of law embodied in Maryland statute, specifically,

> [n]o action may be brought on any contract for the sale or disposition of land or of any interest in or concerning land unless the contract on which the action is brought, or some memorandum or note of it, is in writing and signed by the charged or some other person lawfully authorized by him.

Md. Code Ann. Real Prop. 5-104, known otherwise as the statute of frauds.

Another such fact is that negotiations over the terms of the contract took place for some weeks in the spring of 2004. Several of the e-mails sent by counsel for the seller (on April 6, May 5 and May 25) to counsel for the buyer state *inter alia*:

> . . . Please also note that the contract is not binding on either party unless and until executed by and delivered to both parties.

(Paper No. 28, Exhibits 3, 5 and 9).

3

On June 10, 2004, counsel for the seller sent an e-mail to counsel for the buyer bearing an attached PDF version of a purchase agreement for the property. That e-mail said:

> Per my conversation with Jerry, attached are a redline of the Contract showing the insertion of the fax numbers in the notice section and addition of a counterparts section at the end.
>
> On the assumption that these changes are acceptable, I have also attached an execution copy of the Contract with exhibits. Please print out five copies and have the appropriate authorized officer of the Buyer execute all copies. If you will deliver the copies to the Escrow Agent for its signature along with the initial Deposit of $100,000, I will request the seller print out and execute the same number of execution copies of the Contract for delivery to the Escrow Agent as well. The Escrow Agent can then sign and date all copies of the Contract, retain one original, and then return two fully executed originals to you, and return two originals to me for the Seller along with evidence of receipt of the initial Deposit.
>
> If you have any questions regarding any of this, please give me a call.

The full name, address, telephone and fax numbers of counsel for the seller were printed under this message on the face of the e-mail. The e-mail did not contain the language regarding the requirement for mutual execution and delivery that was contained in the prior e-mails set forth above. (Paper No. 27, Exhibit 6).

Further, on June 29, 2004, counsel for the buyer sent an e-mail to counsel for the seller containing the following:

> I have received 5 execution originals of the contract, signed on behalf of the Buyer, along with the deposit check (payable to First American). Let me know if I should send the contract to you for signing, then forwarding to First American upon Seller signing or

4

simply send the entire package to First American, to await counterpart signed originals from Seller.

(Paper No. 27, Exhibit 8).

Still further, on July 8, 2004, the president of the buyer was advised by telephone by an agent of the seller that the seller would not execute the contract and that the deal was off. (Paper No. 27, Exhibit 2).

Then, on July 12, 2004, counsel for the buyer caused five copies of the contract, executed by the buyer, along with a $100,000 deposit check, to be hand-delivered to the escrow agent. (Paper No. 27, Exhibit 9).

No copies of the contract ever were executed by the seller.

III. *Analysis*

The seller, defendant in this case, posits that any action on the purported contract (which was never executed by the seller) is barred by the statute of frauds. Moreover, seller argues, there is no contract because the buyer failed to satisfy a condition precedent -- the delivery of the executed contract and the deposit to the escrow agent -- prior to the withdrawal of the offer from the seller.

The buyer argues to the contrary that the printed name of counsel for seller on the e-mail of June 10 is sufficient signature to bring the contract outside the statute of frauds. Furthermore, the buyer asserts, the buyer did tender executed copies and the deposit check, that the manner of delivery was not a condition

5

precedent and that, even were it a condition precedent, it was not a material term of the contract.

First, the Court notes that has been a great deal of energy and argument in the motion papers given to the state of the law in Maryland as to legal effect, insofar as the statute of frauds is concerned, of the printed name of counsel on the e-mail of June 10. However, it is clear that the e-mails sent by counsel for the seller, referenced above, establish both that it was the seller's intention to retain control until the performance of the last act in the contracting process and that counsel for the seller did not have apparent or actual authority to bind the seller. As noted above, three of the e-mails sent by counsel for the seller prior to the e-mail of June 10 contained the language prescribing the necessity of execution by both parties before the contract would be binding. Each of those e-mails is only two paragraphs, and the inclusion of that language obviously is of substance. Moreover, the e-mail of June 10 made clear that counsel for the seller would not request seller to print out and execute copies of the contract until such time as the buyer delivered executed copies of the contract, along with the initial deposit of $100,000, to the escrow agent -- once again evidencing that it was the intent of the seller to retain control and that such control certainly did not rest in counsel. In sum, the Court finds it unnecessary to determine whether counsel's printed name on the e-mail of June 10 constituted

6

a signature for statute of fraud purposes, because the Court finds, as a matter of law, that counsel for the seller was not authorized to bind the seller and that, at least insofar as the seller was concerned, there was to be no contract binding the parties until execution by the seller subsequent to execution by the buyer. The contract, if there was a contract, remains within the statute of frauds by reason of the fact that the purported signatory for the seller obviously did not have authority to bind the seller. However, were this action not so barred, it is crystalline nonetheless that material terms of the contract - the execution and delivery terms deliberately designed to preserve seller's position to the last - were not met by the buyer prior to repudiation of the deal by seller.[1]

An Order will be entered separately.

_June 2, 2005_
Date

_James K. Bredar_
James K. Bredar
United States Magistrate Judge

---

[1] Any argument by the buyer that it did not consider the execution and delivery terms to be material simply provides proof of a failure of a meeting of the minds and attacks the existence of the contract, because it is abundantly clear that the seller considered the execution and delivery terms to be material.